IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RICHARD BLAISDELL, #A0200813, | ) ) ) | CIV. NO. 12-00554 LEK/BMK |
| Plaintiff, | ) ) | ORDER DISMISSING COMPLAINT AND ACTION PURSUANT TO 28 U.S.C. |
| vs. | ) ) | §§ 1915(e)(2) and 1915A(b)(1) |
| HAWAII DEP'T OF PUBLIC SAFETY, | ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

## ORDER DISMISSING COMPLAINT AND ACTION PURSUANT TO 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1)

Before the court is *pro se* Plaintiff Richard Blaisdell's prisoner civil rights complaint. Plaintiff is incarcerated at the Halawa Correctional Facility ("HCF"), and names the Hawaii Department of Public Safety ("DPS") as the only defendant to this action. Plaintiff alleges that DPS violated the Fifth and Fourteenth Amendment by conspiring to deny him interest on funds in his prison trust account. The Complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1). Because amendment is futile, this dismissal is with prejudice.

## I. STATUTORY SCREENING

The court must screen all civil actions brought by prisoners that relate to prison conditions and/or seek redress from a governmental entity, officer, or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must

dismiss a complaint in full or in part if its claims are legally frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e (c)(1).

A complaint fails to state a claim if it (1) lacks a cognizable legal theory; or (2) contains insufficient facts under a cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, at 678.  "Determining whether a

complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* Thus, although a plaintiff's factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

The court must construe a *pro se* complaint liberally, accept all allegations of material fact as true, and construe those facts in the light most favorable to the plaintiff. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

If a pleading can be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (*en banc*). The court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13 (declining to

decide whether the court was required to inform a litigant of deficiencies).

## II.   <u>THE COMPLAINT</u>

To understand Plaintiff's prolix Complaint, a brief summary of Plaintiff's state court civil action is necessary.[1]

### A.   **State Civil Case History and Background**

On August 10, 2004, Plaintiff filed a state civil suit challenging DPS's alleged unconstitutional denial of accrued interest in its prisoners' trust accounts. *See Blaisdell v. Dep't of Public Safety*, Civ. No. 04-1-1455, Haw. App. No. 30469. On November 18, 2008, the Hawaii Supreme Court agreed with Plaintiff, and held that Hawaii's prisoners' rights to accrued interest on their prison trust accounts are protected by the Fifth and Fourteenth Amendments to the United States Constitution, as well as by Hawaii Revised Statute ("Haw. Rev. Stat.") § 353-20, as it then stood. *See Blaisdell v. Dep't of Public Safety*, 196 P.3d 277, 288 (Haw. 2008). The supreme court remanded the case to the circuit court with instructions to enter judgment declaring DPS's "restricted" accounts violative of Haw. Rev. Stat. § 353-20, to order such relief as appropriate, and to

---

[1] Plaintiff relates these facts in the Complaint, albeit in somewhat confusing detail. The court has read the relevant published and unpublished Hawaii cases to which he refers and supplies their citations to make better sense of the Complaint.

order interest paid if a factual determination showed that it was due on Plaintiff's accounts. *Id.*

On May 22, 2009, the Hawaii circuit court entered an order on granting Plaintiff's motion for summary judgment and ordering DPS to "(1) implement policies and procedures 'which comply with [§] 353-20' and (2) 'pay [Plaintiff] any interest, *if any is owing*, to the extent due but not yet credited to [Plaintiff's] account." *See Blaisdell v. Dep't of Public Safety*, 2011 WL 6144274 *1 (Haw., Nov. 28, 2011) (dissent Acoba, J.) (emphasis added).

On May 26, 2009, as a result of the Hawaii Supreme Court's 2008 decision, the Hawaii state legislature enacted Act 75, amending Haw. Rev. Stat. § 353-20 to permit DPS to maintain more than one account for each inmate and to designate that a percentage of funds earned by an inmate may be deposited and held in a nonspendable (i.e., restricted) account to provide funds for the inmate upon release.  2009 Haw. Sess. L. Act 75, § 2 at 172-73.  Act 75 also provides that inmate accounts maintained by DPS "shall not bear interest."  *Id.* at 172.[2]

---

[2] Section 352-20 now provides in pertinent part:

All sums collected under this chapter . . . shall be deposited . . . into *one or more accounts* . . . opened by the department for the specific purpose of maintaining [inmates'] funds. The department shall maintain accounts for each [inmate] . . . for approved expenses and purchases during incarceration. The director may designate a
(continued...)

On June 22, 2009, after Act 75 became effective, DPS filed a Motion to Vacate the circuit court's May 22, 2009 Order, arguing that several of Plaintiff's claims for injunctive relief were now moot, and, for the first time asserting that Plaintiff's individual trust accounts had accrued no interest since at least 1998. *Id.* at *2. The circuit court agreed, and granted DPS's Motion to Vacate. *See Blaisdell*, 2011 WL 3805765 *2. On August 29, 2011, the Hawaii Intermediate Court of Appeals ("ICA") affirmed the circuit court's factual determination that DPS had not withheld accrued interest on Plaintiff's accounts and specifically rejected Plaintiff's argument that Act 75 was unconstitutional. *Id.* at *3 ("Blaisdell fails to cite any authority to support his claims that Act 75 is unconstitutional, that vested rights were violated, or that his property was unconstitutionally taken, and we reject those claims.") On November 28, 2011, the Hawaii Supreme Court rejected Plaintiff's application for writ of certiorari. *Id.* Approximately one year

---

[2](...continued)
percentage of all funds . . . to be . . . held in a nonspendable account for the purpose of providing funds for that same committed person upon release. . . . Accounts maintained by the department for committed persons *shall not bear interest. No interest of any kind* shall be paid to [an inmate] on any account maintained by the department for the [inmate]. . . .

Haw. Rev. Stat. § 353-20 (West 2009) (emphasis added).

later, Plaintiff filed the present Complaint challenging the state courts' decisions and the constitutionality of Act 75.

**B.    Plaintiff's Claims**

In Count I, Plaintiff alleges that DPS "[f]ailed to follow Hawaii Supreme Ct. opinion," apparently referring to the November 18, 2008, supreme court opinion remanding the case to the circuit court with instructions to order appropriate relief, rather than the later supreme court opinion affirming dismissal of his claims.  Compl. ECF #1 PageID #6.  Plaintiff alleges that the state circuit court purposely stalled the case after the Hawaii Supreme Court's remand, as a "tactic [] designed by conspiring between the DPS, the then Governor Lingle, and the Legislature" to amend the law to conform with DPS's procedures rather than requiring DPS to conform to the law as it then stood. Compl., ECF #1 PageID #7-8.

In Count II, Plaintiff alleges that Act 75 violates the Fifth and Fourteenth Amendments and the Ex Post Facto Clause of the United States Constitution, as well as article I, sections 5 and 14 of the Hawaii Constitution.  Plaintiff complains that he was deprived accrued interest on: (1) $3,500 that DPS maintained in his prison accounts between September 1990, and March 1994, when he was released from Oahu Community Correctional Center ("OCCC"); (2) $626.70, when DPS transferred him from Hawaii to Tennessee to a Corrections Corporation of America ("CCA")

facility;[3] and (3) $1,345.12 that he inherited in 2002.  Finally, Plaintiff asserts that it is unfair for DPS to defer part of his wages to a restricted account that is only payable on his release, when he is serving a life term.[4]

### III.  <u>DISCUSSION</u>

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted), *vacated and remanded on other grounds*, 129 S. Ct. 2431 (2009); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); 42 U.S.C. § 1983.

### A.  Hawaii Department of Public Safety

Plaintiff sues only the Hawaii Department of Public Safety.  Under the Eleventh Amendment to the Constitution of the United States, neither a state nor its agencies may be sued in federal court without its consent. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  The State of Hawaii has not waived its Eleventh Amendment immunity with respect to claims brought

---

[3] The circuit court determined that CCA's inmate accounts accrued no interest since at least 1998.

[4] Plaintiff is actually serving a life term with the possibility of parole. Hawaii SAVIN: https://www.vinelink.com.

under § 1983 in federal court. *See Neal v. Shimoda*, 131 F.3d 818, 832 n.17 (9th Cir. 1997).  The State of Hawaii and its arms, such as the Department of Public Safety, also are not "persons" within the meaning of § 1983.  *See Pennhurst*, 465 U.S. at 106; *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 53-54 (1996); *see also Hale v. State of Arizona*, 993 F.2d 1387, 1398 (9th Cir. 1993) (*en banc*); *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991).  The Hawaii Department of Public Safety is DISMISSED.

B.   **Takings Clause and Act 75**

        To the extent Plaintiff claims that Act 75 is unconstitutional because it dictates that inmate accounts be held in non-interest bearing accounts, he is mistaken.  "The Takings Clause of the Fifth Amendment prohibits the government from taking private property for public use without just compensation." *Ward v. Ryan*, 623 F.3d 807, 810 (9th Cir. 2010) (discussing the Takings Clause as it applies to inmate trust fund accounts).  "This right is applicable to the states through the Due Process Clause of the Fourteenth Amendment." *Id.* (citing *Webb's Fabulous Pharmacies, Inc. v. Beckwith*, 449 U.S. 155, 160 (1980).

        "To establish a violation of the Takings Clause, [a plaintiff] must first demonstrate he has a property interest that is constitutionally protected.  Only if [the plaintiff] does

9

indeed possess such an interest will a reviewing court proceed to determine whether the expropriation of that interest constitutes a 'taking' within the meaning of the Fifth Amendment.  Property interests are not constitutionally created; rather, protected property rights are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." *Ward*, 623 F.3d at 810  (internal citations and quotations omitted).

Plaintiff has no property interest in requiring DPS to maintain interest bearing accounts for its prisoners, or in receiving interest on funds in his trust account under Hawaii law. *See Ward*, 623 F.3d at 810.  Section 353-20 prohibits DPS from depositing inmates' funds in interest bearing accounts.  *If* Hawaii maintained interest-bearing accounts for inmates, and refused to pay the inmates that interest, or diverted that interest to another purpose, the Takings Clause would be implicated, as the Hawaii Supreme Court held.  *See Blaisdell*, 196 P.3d at 288.  That is not the case here.

For example, in *Schneider v. Calif. Dep't of Corr.*, 151 F.3d 1194, 1201 (9th Cir. 1998), the court held that an inmate's right to interest that *has* accrued on his prison trust account funds "is sufficiently fundamental that States may not appropriate it without implicating the Takings Clause".
*Schneider* is easily distinguished from the scenario presented

here, however.   In *Schneider*, California state law authorized inmates' funds to be placed in interest bearing accounts and the interest was allocated not to the prisoners, but deposited in a joint inmate welfare fund.   *Id.*   Act 75 *prohibits* DPS from placing Hawaii's prisoners trust funds in interest bearing accounts -- thus, no interest accrues, no interest is diverted, and no property interest is created.   Plaintiff has had no protected property interest on funds in his trust account since at least May 26, 2009, when Act 75 was enacted.[5]   Plaintiff therefore cannot state a cognizable claim that Act 75 is unconstitutional under the Takings Clause.

To the extent Plaintiff alleges that Act 75 unconstitutionally withholds discharge funds from him, because he is serving a life term and will never receive such funds, this claim is similarly foreclosed.   A prison may withhold funds for an inmate's discharge, even when the inmate is serving a life term, because such funds, "while not currently accessible by [the inmate, are] being held for the [inmate's] benefit.   [They] will be paid to him upon discharge, used for his final expenses, or left to his heir.   [They have] not and will not be taken and used by the government for its own benefit or for the benefit of anyone else."   *Ward*, 623 F.3d at 813.   In any event, Plaintiff is

---

[5] And, as the state courts held, because DPS never held inmates' funds in interest bearing accounts, Plaintiff never had a property interest in lost accrued interest.

serving a term of life with the possibility of parole.  It is therefore not certain that he will never be released and never personally receive funds from his restricted account.

## C.   Conspiracy Claim

Plaintiff alleges a broad conspiracy between unnamed DPS officials, ex-Hawaii Governor Linda Lingle, and unnamed state legislators to deprive him of interest.  These allegations are completely conclusory, implausible, and insufficient to state a conspiracy claim.  *See Price v. Hawaii*, 939 F.2d 702, 708-09 (9th Cir. 1991).

"To state a cause of action [for conspiracy to interfere with civil rights], a complaint must allege (1) a conspiracy, (2) to deprive any person or a class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States." *Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980); *see also* 42 U.S.C. § 1985.  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," by themselves, to state a claim.  *Iqbal*, 556 U.S. at 678.

First, Plaintiff cannot show an injury, as he has no property interest in accruing interest on his funds.  That is,

Plaintiff has no constitutional right to an interest bearing account, thus, there was no conspiracy to deprive him of his constitutional rights by enacting Act 75.

Second, Plaintiff fails to allege facts showing that any individual conspired to deprive him of his constitutional rights, by explaining the nature and purpose of the conspiracy, and specifically alleging what each individual defendant did as a participant in the conspiracy. *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (requiring "sufficient allegations of underlying facts" showing the involvement of each defendant in the constitutional violation to state a claim). Plaintiff's allegations do not even arise to a "threadbare recital" of the elements of a conspiracy claim. *Iqbal*, at 678.

Finally, a more likely and plausible explanation for the Hawaii Legislature's decision to enact Act 75, is that it was a reasoned response to the Hawaii Supreme Court's November 18, 2008 decision and was done to ensure that Hawaii's laws comply with the United States and Hawaii Constitutions and to the DPS's long-standing practice of maintaining separate funds for prisoners and paying no interest on those funds.

**D.   Remaining Claims**

To the extent Plaintiff seeks review in this court of the state courts' decisions denying his claims for interest that he alleges accrued before Act 75 was enacted, those claims fail.

13

First, the *Rooker–Feldman* doctrine bars federal court jurisdiction where a federal plaintiff is "complaining of injuries caused by state-court judgments" and is "inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *but cf., Skinner v. Switzer*, 131 S. Ct. 1289, 1297 (2011) (holding that the *Rooker–Feldman* doctrine did not bar prisoner's independent § 1983 action challenging constitutionality of Texas postconviction DNA statute). While *Rooker-Feldman* does not bar Plaintiff's independent constitutional challenge to Act 75, it bars his challenge to the Hawaii appellate courts' affirmance of the circuit court's determination that no interest was owed to him because no interest accrued on his funds.

Second, Plaintiff's claims that allegedly accrued between 1995 to 2009, when Act 75 was enacted, are barred by the statute of limitation. *See Pele Defense Fund v. Paty*, 837 P.2d 1247, 1260 (1992) (the statute of limitation applicable to § 1983 actions in Hawaii is Haw. Rev. Stat. § 657-7, the two-year "general personal injury" provision); *see also Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 686-87 (9th Cir. 1993) (holding that a district court may *sua sponte* raise the statute of limitation and dismiss the complaint if defendant has not waived the issue).

14

Accordingly, Plaintiff's Complaint is DISMISSED. Because Plaintiff cannot cure the noted deficiencies in his pleading, amendment is futile, and this dismissal is WITH PREJUDICE AND WITHOUT LEAVE TO AMEND.

### IV. 28 U.S.C. § 1915(g)

Under the 3-strikes provision 28 U.S.C. § 1915(g), a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Although Plaintiff says that he has filed only four previous lawsuits as a prisoner, the federal courts' civil database reveals that Plaintiff has filed nearly thirty civil actions and appeals in the federal courts. *See* PACER Case Locator, http://pacer.psc.uscourts.gov. A careful review of these actions reveals that two of Plaintiff's earlier actions were dismissed as frivolous or for failure to state a claim. *See Blaisdell v. Padilla*, No. 1:96-cv-00591 ACK (D. Haw. 1997), ECF #28, Findings and Recommendation (recommending "dismissing [Plaintiff's] complaint in its entirety as frivolous and for failure to state a claim"), ECF #29 (adopting F&R and granting

15

defendants' motion for judgment on the pleadings); *Blaisdell, et al. v. Penarosa*, No. 1:98-cv-01261-JDT (D. Tenn. 1998), ECF #2, #3, & #12 (construing multi-prisoner plaintiff action as brought under § 1983 not habeas, requiring payment of $150 civil filing fee (not $5.00 habeas fee), and finding that "the complaint lacks an arguable basis either in law or in fact and is therefore, frivolous . . . it is dismissed pursuant to 28 USC 1915(e)(2)(B)(i)"), entering judgment, and denying reconsideration).

Because Plaintiff did not appeal either of these judgments, they may be counted as strikes under § 1915(g). *See Silva v. Di Vitorrio*, 658 F.3d 1090, 1099 (9th Cir. 2011). Plaintiff is NOTIFIED of his two previous strikes, and that this dismissal may later count as a "strike" under the "3-strikes" provision.

### V. <u>CONCLUSION</u>

IT IS HEREBY ORDERED that:

(1)   The Complaint is DISMISSED for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(b) & 1915A(b)(1).   Because amendment is futile, this dismissal is WITH PREJUDICE AND WITHOUT LEAVE TO AMEND.

(2)   Plaintiff is NOTIFIED that he has accrued two strikes pursuant to 28 U.S.C. § 1915(g), and that this dismissal may later be counted as a strike.

16

(3)   The Clerk of Court is directed to TERMINATE this action and enter judgment.   Any pending motions are DENIED.

(4)   The court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that an appeal of this decision would not be taken in good faith.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, November 20, 2012.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Blaisdell v. Dep't of Public Safety*, No. 1:12-cv-00554 LEK/BMK, ORDER DISMISSING COMPLAINT WITH PREJUDICE PURSUANT TO 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1); G:\docs\prose attys\Screening\DMP\2012\Blaisdell 12-554 lek (dsm C w prej Not. 3 strikes).wpd