IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RICHARD BLAISDELL, #A0200813,<br><br>    Plaintiff,<br><br>    vs.<br><br>HAWAII DEP'T OF PUBLIC SAFETY,<br><br>    Defendants. | CIV. NO. 12-00554 LEK/BMK<br><br>ORDER DENYING MOTION TO SET ASIDE JUDGMENT |

### ORDER DENYING MOTION TO SET ASIDE JUDGMENT

Before the court is Plaintiff's "Motion to Set Aside Judgment and Allow Voluntary Dismissal Without Prejudice." Mot., ECF #8. Plaintiff, who is incarcerated at the Halawa Correctional Facility ("HCF"), seeks reconsideration of this court's November 21, 2012, Order dismissing his action pursuant to U.S.C. §§ 1915(e)(2) and 1915A(b)(1), with prejudice for failure to state a claim. *See* Order, ECF #6. Plaintiff asks the court to vacate judgment so that he may voluntarily dismiss the action without prejudice. For the following reasons, Plaintiff's Motion is DENIED.

### I. LEGAL STANDARD

The court treats Plaintiff's Motion as brought pursuant to Federal Rule of Civil Procedure 60(b)(6), under which a party may seek relief from a judgment or order. Rule 60(b)(6) allows the court to relieve a party from an order for any reason that justifies relief. It "is to be used sparingly as an equitable

remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotation marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control[.]" *Id.* (internal quotation marks and citation omitted).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted). "A party seeking reconsideration must show more than a disagreement with the Court's decision[.]" *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001); *see also In re Pacific Far East Lines, Inc.*, 889 F.2d 242, 250 (9th Cir. 1989) (Rule 60(b)(6) may provide relief where parties were confronted with extraordinary circumstances but it does not provide a second chance for parties who made deliberate choices).

## II. DISCUSSION

Plaintiff argues that he mistakenly believed that he had until January 14, 2013, before the court would screen his complaint, because the court's automatic "Status Report Order"

2

reflects that the court would assess his case on that date. *See* Status Report Order, ECF #4. Plaintiff says he realized he filed this action in the wrong court and "began to prepare a voluntary dismissal . . . the first week in November," but was surprised by "an erroneous dismissal 'with prejudice.'" Mot., ECF #8 PageID #45.

Plaintiff next argues that he should have been allowed to file an amended complaint under Fed. R. Civ. P. 15 before his action was dismissed with prejudice, because Defendants had not yet filed an answer to his pleading. Finally, Plaintiff says the Hawaii Supreme Court has held that his claims here have merit, therefore he "should be allowed to pursue a voluntary dismissal to file his state claims in the state courts." *Id*. PageID #47.

**A. Analysis**

First, the court is required by statute to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court followed the dictates of the statute and screened the Complaint within one month of filing. The court's automatic Status Report Order has no effect on this statutory command; it is entered in all cases in this district as a case management tool only. The Status Report Order simply set

January 14, 2013, as the date the court would assess the status, that is, the progress of this case.

Nor does Plaintiff explain why, if he realized he had misfiled the Complaint in this court on or about October 30, 2012, when he received the State's pretrial statement in his state court civil case No. 11-1-002008, he did not immediately file a notice of dismissal in this action. *See* Hawai'i State Judiciary's Public Access to Court Information: http://hoohiki1.courts.state.hi.us/jud/Hoohiki/. Voluntarily dismissing a case before a responsive pleading is served is not a complicated "proceeding" as Plaintiff labels it, but simply requires a one statement requesting the Clerk of Court dismiss the case. See Fed. R. Civ. P. 41(a).

Second, while a party may amend once as a matter of right *after service* without leave of court under Fed. R. Civ. P. 15(a)(1), service had not been effected in this case. Further, Defendants may waive their right to reply to a prisoner's complaint unless ordered to answer by the court. *See* 42 U.S.C. § 1997e(g). Defendants failure to answer is therefore immaterial to whether Plaintiff could file an amended complaint. More important, the court determined that amendment would not cure the deficiencies in the Complaint, and dismissed the action with prejudice. *See Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to

amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."). Plaintiff has no right, under Fed. R. Civ. P. 15, to file an amended Complaint in light of that determination.

Third, the court disagrees that the Hawaii Supreme Court determined that Plaintiff's claims herein had merit. As explained in the Order dismissing the Complaint, while the Hawaii Supreme Court held that the Department of Public Safety cannot withhold accrued interest in its inmate's accounts, *see Blaisdell v. Dep't of Public Safety*, 196 P.3d 277, 288 (Haw. 2008), it later affirmed the lower courts' determination that Plaintiff had accrued no interest and that Act 75, Haw. Rev. Stats. § 353-20 was constitutional. *See Blaisdell v. Dep't of Public Safety*, 2011 WL 6144274 *1 (Haw., Nov. 28, 2011) (dissent Acoba, J.).

Further, the present action sought a determination that Act 75 is unconstitutional under the *federal* constitution and laws, and that the Hawaii Governor, Legislature, and Department of Public Safety conspired to deny Plaintiff his constitutional rights. Plaintiff's assertion now that he mistakenly filed these federal claims in this court, on the District of Hawaii's prisoner civil rights complaint form and in forma pauperis form, is not credible. Plaintiff clearly made a deliberate choice to file this action in this court and now seeks relief from the consequences of that choice.

Finally, to vacate judgment and allow Plaintiff to voluntarily dismiss his Complaint without prejudice would frustrate Congress's purpose in enacting Prison Litigation Reform Act of 1995 ("PLRA"): to discourage prisoners from filing baseless lawsuits.  *See Crawford-El v. Britton*, 523 U.S. 574, 596 (1998); *Grindling v. Hawaii*, No. 1:09-cv-00536 JMS, 2009 WL 4857399 (D. Haw. 2009).  Congress drafted the "three strikes" provision of 28 U.S.C. § 1915(g), to curtail a prisoner's ability to proceed without the payment of a filing fee if "the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."  Plaintiff seeks to circumvent any later determination that he has accrued a strike in this action by allowing him to voluntarily dismiss this action.

The court expended considerable energy reviewing Plaintiff's claims, assessing their merits, and determining whether Plaintiff's action should proceed in the six weeks between his filing this action and its dismissal.  Allowing Plaintiff to voluntarily dismiss this action now, after screening is complete and a decision has been rendered, would frustrate Congress's aim of deterring exactly this type of "frivolous prisoner gamesmanship."  *Grindling*, 2009 WL 4857399, *1.  While

the Ninth Circuit has not yet considered whether a prisoner should be allowed to voluntarily dismiss his action after screening has found it deficient, several district courts have disapproved of this practice. *See e.g., Sumner v. Tucker*, 9 F. Supp. 2d 641, 644 (E.D. Va. 1998) ("It would frustrate the purpose of Section 1915(g) if an inmate was allowed to exploit this system by filing a meritless action and waiting until after it was reviewed to move for its dismissal."); *Grindling*, 2009 WL 4857399, *1; *Stone v. Smith*, 2009 WL 368620, *1 (S.D. Ga. Feb. 13, 2009); *see also*, *Neu v. Adams Cnty. Jail*, 2012 WL 3878717 (S.D. Ohio, Sept. 6, 2012) (allowing prisoner's voluntary dismissal because he had received erroneous advice and filed no other frivolous lawsuits, but noting that normally a prisoner may not dismiss an action after screening to avoid a strike); *Bloodworth v. Timmerman-Cooper*, 2011 WL 1740031 (S.D. Ohio) (same, stating "generally speaking, a plaintiff should not be allowed to dismiss a case before an adverse Report and Recommendation is adopted just to avoid a strike).

To the extent Rule 41(a) generally allows voluntary dismissal, this right is not unlimited and the PLRA's screening requirement and three-strikes provisions trump the civil rule. *See Gonzalez v. Secy for Dep't of Corr.*, 366 F.3d 1253, 1270 (11th Cir. 2004) (stating that "if the earlier adopted rule is inconsistent with the later enacted statutory provision, the rule

7

yields to the statute to the extent of the inconsistency"); *Young v. Leonard*, 2006 WL 3447662, at *1 (S.D. Tex. Nov. 21, 2006) (finding a conflict between Rule 41 and the PLRA, and noting that the PLRA, as the more recent statute, takes precedence); *see also Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 154 (1976) (recognizing repeal by implication in such cases where provisions in two acts are in irreconcilable conflict -- the later act impliedly repeals the earlier "to the extent of the conflict").

Plaintiff presents no newly discovered evidence or intervening change in controlling law, or show that the court committed clear error.  Nor does he demonstrate extraordinary circumstances warranting reconsideration of the Order dismissing this action with prejudice.  Accordingly, Plaintiff's Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, November 30, 2012.



 /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Blaisdell v. Dep't of Public Safety*, No. 1:12-cv-00554 LEK/BMK, ORDER DENYING MOTION TO SET ASIDE JUDGMENT; G:\docs\prose attys\Screening\DMP\2012\Blaisdell 12-554 lek (seeks vol dsm w out prej).wpd